UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HARRY DEAN CHRISS

Plaintiff,

-against-

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JUN 2 7 2008

LAWRENCE K. BAERMAN, CLERK
ALBANY

**COMPLAINT**

Jury Demanded

08 -CV- 678 NPM / RFT

Index No.:

COUNTY OF ALBANY, NEW YORK; ALBANY COUNTY CORRECTIONAL FACILITY; ALBANY COUNTY SHERIFF'S DEPARTMENT; ALBANY COUNTY SHERIFF individually and as agent, servant and /or employee of Albany County Sheriff's Department, OFFICER M. WALCZAK; individually and as agent, servant and /or employee of Albany County Sheriff's Department;; JOHN DOE,; RICHARD ROE, and JOHN DOE #2, sheriff's Deputies/ Correction Officers, and/or medical or general personnel of Albany County working at the Albany County Correctional Facility the identity and number of whom is presently unknown to Plaintiff, CORRECTIONAL MEDICAL SERVICES, INC; MICHAEL A. SALZMAN, M.D., individually and as an employee of Correctional Medical Services, Inc.; TOWN OF COLONIE; COLONIE POLICE DEPARTMENT; SAMARITAN HOSPITAL OF TROY, NEW YORK; NORTHEAST HEALTH, INC.; KATRINA KARDOS, M.D.; JASON E. DAVIS

Defendants.

Plaintiff, by and through his attorney, Dreyer Boyajian, LLP, as and for their complaint against the above Defendants hereby allege:

## INTRODUCTION

1.     This is an action at law to redress the medical malpractice, negligence, carelessness, recklessness and deprivation by Defendants, acting under color of statute, ordinance, regulation, custom and/or usage, of a right, privilege or immunity secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States of America with intent to deny the Plaintiff of his civil rights, all of which arise under Federal Law,

1

particularly Title 42 U.S.C. 1983 and the Constitution, Laws and Statutes of the United States and the State of New York.

## JURY DEMANDED

2.    Plaintiff hereby demands a jury.

## JURISDICTION

3.    This action arises under the United States Constitution, particularly under the provisions of the 14th Amendment to the Constitution of the United States, and under Federal Law, particularly Title 42 of the United States Code § 1983.

4.    This Court has jurisdiction of this case under and by virtue of Title 28 of the United States Code §§ 1331 and 1343. Jurisdiction of the New York State negligence, medical malpractice and assault and battery claims arise from the pendent jurisdiction of this Court.

5.    Venue is properly laid in this District pursuant to 28 USC §1391 as the Defendants and the Plaintiff reside in New York and this is the District in which a substantial part of the events or omissions giving rise to the claim occurred.

6.    The amount in controversy exceeds, exclusive of interest and costs the sum of Seventy Five Thousand and no/100 ($75,000) Dollars.

2

## PARTIES

3.           Plaintiff Harry Dean Chriss is a resident of the Town of Waterford, County of Saratoga, in the State of New York, and resides at 2 First Avenue, Waterford, NY 12188.

4.      Defendant County of Albany is a municipal corporation and governmental subdivision of the State of New York and was at all times herein relevant, the employer of the sheriff and jail personnel described hereinafter.

5.      That at all times relevant the Defendants Albany County Sheriff's Department and Albany County Correctional Facility were governing bodies duly organized and existing under the corrections law, municipal law and county law of the State of New York and were charged by law with the duty of public safety and law enforcement.

6.      That at all times relevant, defendant Colonie Police Department was located in the County of Albany in the State of New York, and its address is 312 Wolf Road, Latham, NY 12110.

7.      That at all times relevant, defendant Albany County Correctional Facility is located in the County of Albany, State of New York, and is located at 840 Albany-Shaker Road, Albany, NY 12211.

8.      That at all times relevant, defendant Albany County Sheriff's Department is the managing agency of the Albany County Jail, and it is headquartered in the County of Albany, State of New York, with its primary office located at the Albany County Courthouse

9.      At all times herein relevant, the Defendants M. Walczak (Badge Number 121), was, at all times herein relevant, duly appointed by, employed by and acting as

3

employees and corrections officers of the Sheriff's Department of the County of Albany, and upon information and belief, residents of the County of Albany, State of New York.

10.     Defendants John Doe, Richard Roe and John Doe #2 were, at all times herein sheriff's Deputies/ Correction Officers, and/or medical or general personnel of Albany County working at the Albany County Correctional Facility the identity and number of whom is presently unknown to Plaintiff

11.     At all times herein relevant, defendant Correction Medical Services, Inc. provided medical services to the inmates at Albany County Correctional Facility, and is a private foreign business corporation headquartered at 12647 Olive Blvd. Saint Louis, Maryland 63141; defendant Correctional Medical Services, Inc.'s registered agent within the State of New York is C T Corporation System, 111 Eighth Avenue, New York, New York 10011.

12.     At all times herein relevant, Michael A. Salzman, M.D. was the doctor providing medical/mental health care and treatment to the inmates of Albany County Jail, and is upon information and belief an employee of Correctional Medical Services, Inc. and/or Albany County, and holds himself out as a physician duly licensed to practice medicine in New York State.

13.     At all times herein relevant, Defendant Samaritan Hospital of Troy, New York was a domestic not-for-profit corporation located in the County of Rensselaer, State of New York, located therein at 2215 Burdette Avenue, Troy, NY 12180.

14.     At all times herein relevant, Defendant Northeast Health, Inc. was a domestic not-for-profit corporation located in the County of Rensselaer, State of New York, located therein at 2212 Burdette Avenue, Troy, NY 12180.

15.     At all times herein relevant, Defendant Jason E. Davis was a resident of

4

Albany County, in the State of New York, residing therein at 30 Lawrence Street, Watervliet, New York, 12189.

16.     On or about September 20, 2007 and within ninety (90) days after the claim herein ensued upon arose, a duly verified Notice of Claim was served upon the Municipal Defendants, that the contents of said Notice of Claim and the service thereof complied in all respects with the applicable standards and laws; that at least thirty (30) days have elapsed since the service of such claim and prior to the commencement of this action; that neither adjustment nor payment of a claim has been made; and that this action was commenced within the time period as prescribed by the applicable laws and statutes.

17.     Each and all of the acts of the Defendants alleged herein were done by the Defendants, and each of them, under color of law, to wit, under the color and pretense of statutes, ordinances, regulations, customs, policies and usage of the State of New York and the County of Albany.

18.     At all times herein relevant, the Defendants were acting within the scope of their employment.

19.     That CPLR 50-h hearings were held on or about November 30, 2007, by Colonie Police Department and Town of Colonie; and on March 30, 2008, by Albany County Correctional Facility.

## NATURE OF THE CLAIM

20.     On or about June 29, 2007, at approximately 02:25, the plaintiff was assaulted and battered by defendant Jason Davis with a baseball bat in the city of Watervliet, NY.

21.     Plaintiff was severely injured as a result of said assault and battery.

22.     Defendant Colonie Police Department officers arrested Plaintiff and

summoned an ambulance for the plaintiff.

23.     Upon information and belief, the plaintiff was handcuffed to the stretcher in the ambulance and transported to defendant Albany Memorial Hospital / Samaritan Hospital (hereinafter Samaritan Hospital).

24.     Upon arrival at Samaritan Hospital at approximately 03:32 on the June 29, 2007, Plaintiff was brought to the emergency department.

25.     Upon information and belief, the X-rays of Plaintiff's left arm showed a proximal ulnar shaft fracture with displacement of approximately 50%, a nondisplaced fracture of the ulnar styloid process, and dislocation of the radius.

26.     Upon information and belief, Dr. Katrina Kardos contacted the orthopedic department at Samaritan Hospital and was told by Dr. Whalen that the plaintiff should follow up with his office that day or the next day.

27.     Upon information and belief, the Samaritan Hospital staff formed a fiberglass "open cast" or splint on the plaintiff's arm to stabilize it, and placed the arm within an immobilizing sling.

28.     Upon information and belief, the Samaritan Hospital staff discharged Plaintiff with instructions to return for orthopedic evaluation and surgery on June 29 or 30, 2007.

29.     Upon information and belief, defendant Samaritan Hospital issued instructions and prescriptions for pain medications to the Plaintiff, but because he was in custody the defendant Colonie Police Department officers took possession of those documents and prescriptions.

30.     Upon information and belief, defendant Colonie Police Department officers were present at the bedside of the Plaintiff the entire time he was at Samaritan

Hospital, and accompanied him to the various X-ray and CT scan areas of the hospital.

31.   Upon information and belief, defendant Colonie Police Department officers were present when the plaintiff was given instructions to return that day or the next day for further treatment.

32.   Based on the foregoing, defendant Colonie Police Department officers were fully aware that Plaintiff had been diagnosed with a fractured arm which required surgical intervention, as well as other injuries.

33.   Upon information and belief, defendant Colonie Police Department officers were in possession of the discharge documents and prescriptions when they left Samaritan Hospital with the Plaintiff in custody.

34.   Plaintiff was discharged from Samaritan Hospital at approximately 06:20 on June 29, 2007.

35.   Upon discharge from Samaritan Hospital, Plaintiff was transported to the Colonie Police Department where he was fingerprinted and processed.

36.   Plaintiff was thereafter transported by Colonie Police to the Albany County Correctional Facility.

37.   Upon information and belief, at approximately 09:25, Plaintiff signed an "Injury Prior to Admission Deposition Form" and was referred to the correctional facility medical unit for evaluation and treatment.

38.   Plaintiff, upon being transported to the medical unit, which is operated by defendant Correctional Medical Services, Inc., was relieved of the immobilizing sling and cast/splint that had been issued by Samaritan Hospital.

39.   Plaintiff was issued non-immobilizing sling, consisting of a piece of cloth tied behind the neck, and was not provided with the prescribed cast or a splint for his

severely fractured arm.

40.     Plaintiff was placed in a cell with a hospital-style bed.

41.     Plaintiff repeatedly complained of severe pain in his arm and was not provided with appropriate medical care and treatment.

42.     Plaintiff was housed in the medical unit at the correctional facility for the entire duration of his incarceration, from June 29, 2007 until July 3, 2007.

43.     Agents of defendants Albany County, Albany County Sheriff's Department and Correctional Medical Services, Inc., Michael A. Salzman, M.D., and staff and employees of same denied Plaintiff appropriate medical treatment and necessary surgery.

44.     Agents of defendants Albany County, Albany County Sheriff's Department and Correctional Medical Services, Inc. denied Plaintiff the use of his immobilizing sling as well as the cast/splint that had been provided him by Samaritan Hospital for the duration of his incarceration at Albany County Correctional Facility.

45.     Upon release from the Albany County Correctional Facility, defendants Albany County, Albany County Sheriff's Department, Albany County Correctional Facility, and/or Correctional Medical Services, Inc. did not return to Plaintiff the immobilizing sling that had been issued at Samaritan Hospital, nor did they return the cast/splint that had been seized from him.

46.     As a result of the approximately five days that the Plaintiff was denied appropriate medical care and treatment, his New York and Federal constitutional rights, were violated.

47.     As a direct result the Defendants' actions and/or failure to act, Plaintiff has suffered immense personal injury, pain and suffering, complications and aggravation of

his conditions due to delayed treatment, nerve damage, loss of range of motion, emotional trauma, and pecuniary losses.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS, PLAINTIFF STATES AND ALLEGES THE FOLLOWING: *Denial of Civil Rights Pursuant to 42 U.S.C. § 1983*

48.     Plaintiffs repeats and realleges all prior paragraphs and incorporate the same herein by reference.

49.     As a result of the aforesaid, Plaintiff Harry Dean Chriss was caused to be subjected to the deprivation of rights, privileges, and/or immunities secured by the Constitution and laws of the State of New York and the United States and has been damaged thereby.

50.     The rights, privileges, and immunities deprived by Defendants included, but are not limited to: right to due process of law; right to equal protection under the law; right to freedom from malicious abuse of process; the right to appropriate medical care and treatment; and other rights guaranteed under the New York State and Federal Constitutions.

51.     As a direct and proximate result of the Defendant's acts and the resulting violation of Plaintiff's Constitutional rights, the Plaintiff suffered a lack of necessary medical treatment, immense pain and suffering, complications and aggravation of his conditions due to several days' delayed treatment, nerve damage, loss of range of motion, emotional trauma, and pecuniary losses.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS, PLAINTIFF STATES AND ALLEGES THE FOLLOWING: *Unconstitutional Custom, Practice or Policy* *(Municipal Liability Under <u>Monell</u>)*

52.     Plaintiffs repeats and realleges all prior paragraphs and incorporate the same herein by reference.

53.     Defendants County of Albany, Colonie Police Department; Albany County Sheriff's Department and Albany County Correctional Facility and Correctional Medical Services unconstitutionally deprived the Plaintiff of medically necessary equipment, treatment and services.

54.     The Defendants treated the Plaintiff pursuant to policies or practices and/or procedure of the Defendants their agents and employees and such policies and procedures were authorized and permitted without regard to the Constitutional rights of life, liberty, and due process of individuals, including the Plaintiff Harry Dean Chriss.

55.     Upon information and belief, the Defendants condoned, permitted, encouraged and/or ratified departmental policies, practices and/or customs as to permit Defendants, including Albany County Sheriff's Department Officers, employees, and contractors and their employees, to provide inadequate screening of the medical requirements of the Plaintiff; to improperly treat, supervise and care for the Plaintiff; to deny Plaintiff of medically necessary care and treatment, equipment without cause; to fail to provide or ensure appropriate medical care and or surgery was provided to Plaintiff that was known, or should have been known to be necessary; to improperly allow untrained or undertrained correctional officers and/or nurses to make determinations of what is deemed medically necessary; to fail to intervene in the unconstitutional acts of co-employees and/or subordinates; and to assist in the unconstitutional acts of coemployees and/or subordinates.

56.     As a result of the aforesaid, Plaintiff Harry Dean Chriss was deprived of his rights, privileges and/or immunities secured by the Constitution and laws of the State

of New York and the United States, and has been damaged thereby.

57.     The rights, privileges and/or immunities deprived Plaintiff by Defendants include, but are not limited to: right to due process of law; right to equal protection under the law; right to freedom from malicious abuse of process; the right to prompt and adequate medical care and treatment; and other rights guaranteed under the New York State and Federal Constitutions.

58.     As a direct and proximate result of the Defendant's acts and the resulting violations of Harry Dean Chriss' United States Constitutional rights, the Plaintiff's sustained severe permanent and catastrophic personal injuries and damages, severe emotional trauma, excruciating conscious pain and suffering, all of which resulting in great pain, suffering, discomfort, extreme physical and mental anguish.

59.     By reason of the foregoing, the Plaintiff has been severely damaged and injured, and demands judgment against the Defendant, Albany County, by and through its officers, agents, servants, employees, departments, agencies and/or other personnel, including the Albany County Correctional Facility, and the Albany County Sheriff's Department, for a substantial sum of money therefore, including legal fees and costs.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS, PLAINTIFF STATES AND ALLEGES THE FOLLOWING:
### Failure to Train
### (Municipal Liability Under _Monell_)

60.     Plaintiff repeats and realleges all prior paragraphs and incorporate the same herein by reference.

61.     That upon information and belief, the Defendants are responsible for establishing, instituting and enforcing the policies, ordinances, regulations, customs and

practices of the Albany County Correctional Facility insofar as it relates to the Defendants, Albany County, Albany County Sheriff's Department, Albany County Sheriff, Corrections Officer John Doe, Richard Roe, Albany County Correctional Facility, and Michael A. Salzman, M.D.

62.     That the actions of the Defendants as above alleged include, but are not limited to:

      a.   Performing inadequate screening and assessment of inmates;

      b.   Failing to provide inmates with medically necessary equipment;

      c.   Failing to identify said medically necessary equipment as such;

      d.   Failing to make proper written entries regarding care and treatment of inmates;

      e.   Improperly allowing untrained officers to make medical determinations about inmates;

      f.   Failing to intervene in the unconstitutional acts of co-employees and subordinates;

      g.   Inadequate supervision;

      h.   Providing inadequate medical care and treatment and equipment; and

      i.   Denying Plaintiff medically necessary care, treatment and surgical procedures.

63.     Defendants. acted with deliberate indifference to the rights of a citizen to whom the municipal employees were known to come into contact by failing to properly train their employees to avoid improper actions which would likely cause constitutional deprivations.

64.     Defendants. acted with deliberate indifference to the constitutional rights

12

of Harry Dean Chriss, by maintaining a policy, practice or custom allowing unconstitutional acts and by failing to train agents, employees and contractors with regard to proper and lawful procedures for: performing adequate medical screening and risk assessment of inmates; supervising an inmate, providing adequate medical care and treatment; knowing or having reason to know that the policy, practice or custom in failure to properly train sheriff's corrections officers as aforedescribed would result in a deprivation of constitutional rights of the citizenry.

65.     By reason of the foregoing, the Plaintiff has been severely damaged and injured, and demands judgment against the Defendants, for a substantial sum of money therefore, including legal fees and costs.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS, PLAINTIFF STATES AND ALLEGES THE FOLLOWING:
### *Failure to Supervise*
### *(Municipal Liability Under Monell)*

66.     Plaintiff repeats and realleges all prior paragraphs and incorporate the same herein by reference.

67.     Defendants are responsible for establishing, instituting and enforcing the policies, ordinances, regulations, customs and practices insofar as it relates to the Albany County Correctional Facility, and Correctional Medical Services, Inc.

68.     Defendants failed to supervise their employees and subordinates in ways including, but not limited to, the following:

> a.  Performing inadequate supervision of screening and assessment of inmates;
>
> b.  Failing to properly supervise medical staff who should provide inmates with medically necessary equipment;

c.  Failing to supervise the process of identifying said medically necessary equipment as such;

d.  Failing to supervise the making of proper written entries regarding care and treatment of inmates;

e.  Improperly allowing untrained and unsupervised officers to make medical determinations about inmates;

f.  Failing to intervene in the unconstitutional acts of employees and subordinates;

g.  Generally inadequate supervision of staff and employees;

69.   Defendants. acted with deliberate indifference to the rights of citizens to whom the municipal employees were known to come into contact by failing to properly supervise or take remedial action against the agents and/or employees of the Defendants to avoid improper actions that would likely cause constitutional deprivations.

70.   Defendants acted with deliberate indifference to the rights of citizens to whom the Defendants employees and/or agents were known to come into contact by failing to properly supervise or take remedial action against the agents and/or employees of Defendants for a pattern of unconstitutional acts of said employees with regard to performing inadequate screening of inmates; improperly supervising inmates who require additional supervision due to an inmate's condition, illness or injury; failing to make written entries regarding supervision and improperly making entries regarding supervision; improperly allowing corrections officers who did not have adequate training and/or who had not completed basic training within one year to supervise inmates; failing to intervene in the unconstitutional acts of co-employees and subordinates; and assisting the unconstitutional acts of co-employees and subordinates were taken in accordance

with the custom, policy or practice of the Defendants herein.

71.     That the actions of Defendants in acting with deliberate indifference to the rights of Harry Dean Chriss by failing to correct the pattern of unconstitutional acts of its employees and/or agents constitutes and official policy or custom which serves to ratify or tacitly authorizes the unconstitutional actions of the employees of the Albany County Sheriff's Department and their contractors, agents and employees.

72.     That the policy of the Defendants and its agents and/or employees served to ratify or tacitly authorize the unconstitutional actions of the employees and/or agents of the Defendants and caused Plaintiff Harry Dean Chriss to suffer constitutional deprivations and was the moving force behind those constitutional deprivations.

73.     By reason of the foregoing, the Plaintiff has been severely damaged and injured, and demands judgment against the Defendants, for a substantial sum of money therefore, including legal fees and costs.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS, PLAINTIFF STATES AND ALLEGES THE FOLLOWING
### *Negligence (Pendent Claim)*

74.     Plaintiff repeats and realleges all prior paragraphs and incorporate the same herein by reference.

75.     At all times herein, the Defendants, County Of Albany, Colonie Police Department; Albany County Correctional Facility; Albany County Sheriff's Department; Correctional Medical Services, Inc; Michael A. Salzman, M.D.; M. Walczak; John Doe; Richard Roe and John Doe #2 by and through their officers, agents, servants, employees, departments, agencies and/or other personnel, were under a non-delegable duty to the Plaintiff and to inmates in general, to provide adequate supervision, protection, care and

treatment, including adequate medical care and treatment, and access to the medically necessary cast and sling that was given to him by Samaritan Hospital while he was in their custody at Albany County Correctional Facility.

76.     The Defendants, in having custody and control over Plaintiff, owed Plaintiff a duty of care to prevent him from being injured, to prevent aggravation of injuries already incurred,  and to ensure he received appropriate medical care and treatment.

77.     As described herein, Defendants breached their aforementioned duties.

78.     Defendants' acts and/or omissions failing to ensure he was given the appropriate medical care and treatment were a proximate cause of the aggravation of his injuries and resulting disabilities.

79.     As a result of their breach, defendants caused Plaintiff to suffer immense pain and suffering, complications and aggravation of his conditions due to several days' delayed treatment, nerve damage, loss of range of motion, emotional trauma, and pecuniary losses.

80.     By reason of the foregoing, Plaintiff Harry Dean Chriss has been severely damaged and injured, and demands judgment against the Defendants for a substantial sum of money therefore, including legal fees and costs.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS, PLAINTIFF STATES AND ALLEGES THE FOLLOWING
#### *Negligence Samaritan Hospital (Pendent Claim)*

81.     Plaintiff repeats and realleges all prior paragraphs and incorporate the same herein by reference.

82.     Defendants Samaritan Hospital and Northeast Health, Inc., and their

employees and agents, owed a duty of care to their patients, including Plaintiff, to not discharge them until they received care that was known to be medically necessary.

83.     Samaritan Hospital and Northeast Health, Inc. breached that duty when they released Plaintiff to the custody of the Colonie Police Department prior to administering the appropriate medical procedures, including surgery, that they had determined to be necessary for the well-being of their patient.

84.     Because of this breach, Plaintiff Harry Dean Chriss suffered immense pain and suffering, complications and aggravation of his conditions due to delayed treatment, nerve damage, loss of range of motion, emotional trauma, and pecuniary losses.

85.     By reason of the foregoing, Plaintiff Harry Dean Chriss has been severely damaged and injured, and demands judgment against the Defendants for a substantial sum of money therefore, including legal fees and costs.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT, PLAINTIFF STATES AND ALLEGES THE FOLLOWING:
### Medical Malpractice (Pendent Claim)

86.     Plaintiff repeats and realleges all prior paragraphs and incorporate the same herein by reference.

87.     At all times relevant herein, Defendant Samaritan Hospital of Troy, New York and Northeast Health, Inc. held themselves out to the plaintiff, and to the public in general, as a competent and skilled facilities, which through physicians, nurses, agents and other medical and non-medical personnel, were capable of properly and skillfully diagnosing, managing and treating disease, injury, illness and/or medical/mental health emergencies and conditions.

88.     Commencing on or about June 29, 2007, Plaintiff was a patient of Samaritan Hospital for the purpose of attending, treating, and caring for his injuries which were the result of an assault with a bat.

89.     Plaintiff was admitted to Samaritan Hospital for the purposes of attending, treating, and caring for injuries to Plaintiff's head, arm, and body that were sustained when he was assaulted.

90.     Employees and agents of Samaritan Hospital performed several tests on Plaintiff, and determined that he suffered injuries including, but not limited to a proximal ulnar shaft fracture with displacement of approximately 50%, a nondisplaced fracture of the ulnar styloid process, dislocation of the radius, contusions and scrapes.

91.     Employees and agents of Samaritan Hospital contacted their orthopedics department because, upon information and belief, they believed that prompt surgical intervention was necessary to repair Plaintiff's injuries.

92.     The employees and agents of Samaritan Hospital were aware that Plaintiff was in the custody of Colonie Police department.

93.     Employees and agents of Samaritan Hospital owed Plaintiff a duty of ensuring that he would not be further injured prior to receiving the surgical intervention that they had determined to be necessary.

94.     Upon information and belief, it is an accepted practice within the medical community to ensure that a patient will not discharged prior to receiving the care that has been medically determined to be necessary.

95.     Samaritan Hospital departed from that duty when it released Plaintiff into the custody of the Colonie Police, from which it was known to be impossible or highly improbable for Plaintiff to be released in order to receive the necessary medical

treatment, surgery, and orthopedic care.

96.     Because of this deviation from the aforementioned accepted practice, Plaintiff suffered immense pain and suffering, complications and aggravation of his conditions due to delayed treatment, nerve damage, loss of range of motion, emotional trauma, and pecuniary losses.

97.     By reason of the foregoing, Plaintiff Harry Dean Chriss has been severely damaged and injured, and demands judgment against the Defendants for a substantial sum of money therefore, including legal fees and costs.

## AS AND FOR A EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS, PLAINTIFF STATES AND ALLEGES THE FOLLOWING:
### *Medical Malpractice (Pendent Claim)*

98.     Plaintiff repeats and realleges all prior paragraphs and incorporate the same herein by reference.

99.     Upon information and belief, Albany County, by and through the Albany County Sheriff's Department, Albany County Correctional Facility, Correctional Medical Services, Inc. and Michael A. Salzman, M.D., maintained a medical facility, practice and/or hospital for the care and treatment of inmates with medical conditions and/or emergencies which was staffed by physicians, nurses, and other medical and non-medical personnel, including Defendant Michael A. Salzman, M.D. and M. Walczak, John Doe, Richard Roe and John Doe #2, who were acting within the scope of their employment.

100.    Upon information and belief, defendant Correctional Medical Services is the provider of medical services to the Albany County Correctional Facility.

101.    Upon information and belief, Defendants owed Plaintiff a duty to use the degree of care, skill, expertise and diligence generally exercised by hospitals, medical

health personnel, and further owed Plaintiff a duty to ensure that he obtained proper and timely medical diagnosis, care, treatment and attention.

102.    The Defendants further owed the public in general and the Plaintiff herein a duty to employ and/or grant privileges to only those physicians and mental health professionals who possessed and exercised a degree of learning, training, knowledge, skill, expertise and experience which are ordinarily possessed and exercised by competent physicians and mental health professionals, and also owed the Plaintiff a duty to provide competent, experienced, trained and skilled physicians, nurses, agents and other medical personnel.

103.    Upon information and belief, it is the accepted practice of medical service providers to provide their patients with all adequate, reasonable and necessary treatment and care.

104.    Upon information and belief, defendants departed from that accepted practice by refusing and/or failing to provide adequate, reasonable and necessary treatment to Plaintiff when they refused to allow him use of the cast/splint and immobilizing sling that he had been provided by Samaritan Hospital, and by failing to provide Plaintiff with a comparable alternative or replacement.

105.    The Defendants, by and through their physicians, residents, nurses, agents and other medical and non-medical personnel, breached their aforementioned duties in several ways, including, but not limited to:

> a. Employing and/or granting privileges to employees who were not properly trained or qualified;
>
> b. Failing to properly supervise medical and non-medical staff and employees;

c. Failing to ensure that Plaintiff received necessary, appropriate, timely and proper diagnostic care and treatment;

d. Failing to ensure that Plaintiff had use of his medically necessary equipment and items;

e. By providing inadequate medical equipment;

f. By providing inadequate medical services.

106. As a result of their departure from the accepted standards and practices, Plaintiff was injured in that he suffered from a lack of necessary medical treatment, immense pain and suffering, complications and aggravation of his conditions due to several days' delayed treatment, nerve damage, loss of range of motion, emotional trauma, and pecuniary losses.

107. By reason of the foregoing, Plaintiff Harry Dean Chriss has been severely damaged and injured, and demands judgment against the Defendants for a substantial sum of money therefore, including legal fees and cost.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST DEFENDANT JASON E. DAVIS
### Battery (Pendent Claim)

108. Defendants Jason Davis unlawfully, intentionally, offensively and without Plaintiff's consent hit, beat, held, restrained and otherwise unlawfully touched Plaintiff.

109. Such acts by Jason Davis constituted a battery upon Plaintiff.

110. Due to the foregoing, Plaintiff has suffered serious and substantial physical, mental and emotional injuries, some or all of which are permanent in nature.

111. By reason of the foregoing, Plaintiff is entitled to compensatory damages in the sum of One Million and no/100 ($1,000,000) Dollars, and punitive damages.

## AS AND FOR A TENTH CAUSE OF ACTION

### *Assault (Pendant Claim)*

112.   By reason of the aforementioned acts, Jason Davis intentionally placed Plaintiff in fear of imminent bodily harm.

113.   The aforesaid acts committed by Jason Davis constituted an unlawful assault upon Plaintiff.

114.   Due to the foregoing, Plaintiff has suffered serious and substantial mental and emotional injuries, some or all of which are permanent in nature.

115.   By reason of the foregoing, Plaintiff is entitled to compensatory damages in the amount to be determined by a jury, and punitive damages.

## FOR A ELEVENTH CAUSE OF ACTION

116.   The aforesaid acts were outrageous and intentionally inflicted by Jason Davis upon Plaintiff for the purpose of causing Plaintiff mental and emotional harm.

117.   Due to the foregoing, Plaintiff has suffered serious and substantial physical, mental and emotional injuries, some or all of which are permanent in nature.

118.   By reason of the foregoing, Plaintiff is entitled to compensatory damages in an amount to be determined by a jury, and punitive damages.

## FOR A TWELFTH CAUSE OF ACTION

119.   At all times relevant hereto, all Defendant Jason Davis owed a duty of reasonable care to Plaintiff.

120.   At all times relevant hereto, all Defendant owed the Plaintiff a duty to act in a reasonably safe and prudent manner so as to prevent causing injury to the Plaintiff and the general public.

121.   Defendant breached their above duties to Plaintiff by engaging in grossly

negligent, negligent, reckless and/or willful misconduct.

122.   Due to the foregoing, Plaintiff has suffered serious and substantial physical, mental and emotional injuries, some or all of which are permanent in nature.

123.   By reason of the foregoing, Plaintiff is entitled to compensatory damages in the sum to be determined by a jury, and punitive damages.

WHEREFORE Plaintiff demands judgment against the Defendants herein on the above Causes of Action in an amount to be determined upon trial of this action, together with legal fees and costs; punitive damages; and such other and further relief as the Court may deem just and proper.

Dated June 26, 2008

DREYER BOYAJIAN LLP

By:

April M. Wilson, Esq.
Attorneys for Plaintiff
75 Columbia Street
Albany, NY 12207-1885
(518) 463-7784

## CERTIFICATE OF MERIT IN MEDICAL AND DENTAL MALPRACTICE ACTIONS PURSUANT TO CPLR 3012-a

The undersigned attorney for the Plaintiff in the action commenced or to be commenced by the attached complaint hereby declares:

(Please check applicable paragraph)

( )   Your Declarant has reviewed the facts of this case and has consulted with at least one physician (dentist) who is licensed to practice in this state or any other state and who your Declarant reasonably believes is knowledgeable in the relevant issues involved in the instant action, and your Declarant has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of the instant action; or

( X )   Your Declarant was unable to obtain the consultation required by CPLR 3012-a(a)(1) because of time constraints set forth in the applicable statute of limitations in Article 2 of the CPLR, and your Declarant was required to commence the action within said period of time and the Certificate required by CPLR 3012-a(a)(1) could not be reasonably obtained before such period expired.  In the event this paragraph is checked, a Certificate shall be filed and served within 90 days after service of the Complaint;* or

( )   The Declarant was unable to obtain the consultation required by CPLR 3012-a(a)(1) because the Declarant has made three separate good faith attempts with three separate physicians (dentists) to obtain such consultation and none of those contacted would agree to such a consultation; or

---

*If the Plaintiff has requested that the Defendants provide records of the Plaintiff's medical or dental treatment and such records have not been produced, the Plaintiff shall not be required to serve the Certificate required by CPLR 3012-a until 90 days after such records have been produced.

( )   Your Declarant, as Attorney for the Plaintiff, intends to rely solely on the doctrine of res ipsa loquitur and, for that reason, is not required to file a certificate setting forth consultation with a physician (dentist).

DREYER BOYAJIAN LLP

By:

Attorneys for Plaintiff
Office and P.O. Address
75 Columbia Street
Albany, NY 12207
(518) 463-7784

25